By the Court.—Monell, J.
We are asked to set aside the verdict of the jury in this case, as being agaihst the clear weight ox the evidence, and the duty, therefore, devolves upon us, of carefully examining and considering all- the testimony that was given upon the trial.
The learned justice before whom the trial was had, evidently considered it a case, which it was his duty to submit to the jury. He not only denied a motion of the defendants, to nonsuit the plaintiff, upon the whole of the evidence, but he submitted," with great care, the questions of fact to the jury, under lucid instructiqns; and afterwards denied a motion for a new trial upon his minutes.
It is not necessary to do more, than to merely state the rules which must govern us, in the disposition of the questions of fact in this case.
The right of trial by jury, in this class of cases, is secured by law, and cannot be interfered with, except when the evidence is wholly insufficient to sustain the verdict.
Courts have always exercised a supervisory and correcting power over the verdicts of juries, but it has been done with much reluctance and caution.
The office of a jury is to determine facts upon conflicting evidence. It is their duty to examine, weigh and consider, all the evidence which has been submitted to them, and to endeavor to arrive at the truth.
If the whole of the evidence presents a cáse, which in the judgment of the court at the trial, clearly and strongly preponderates in favor of one side or the other, it is the right and the duty of the court, to direct the jury to find their verdict, in accordance with such preponderance.
But if there is a fair and reasonable doubt, as to such preponderance ; and especially where the result must, wholly or to some extent, be affected or influ *192 encecl, by the credit which shall be given to witnesses and their testimony, it would be a violation of the right of trial by jury, for the court to take the case out of the jury box.
Whenever, therefore, the court shall deem it proper, to submit questions of fact to a jury for their determination, and such questions have to be determined by weighing and considering conflicting evidence, and determining the credit of witnesses, it must be an extreme case,—one where it is fair to conclude that the verdict has been improperly influenced, or has resulted from bias or prejudice,—that the court, is authorized to set it aside.
It is not claimed in this case, that there was any other influence, bias or prejudice, affecting the verdict, than the bias and prejudice, which it is charged, more or less always influence verdicts against railroad corporations.
But I am not prepared to say that a prejudice of that kind, even assuming that it could be ascertained to exist, would be ground for vacating a verdict. At any rate the motion is not now put upon that ground.
I have examined the testimony in this case with much care, and I have not been able to find a single fact or circumstances calculated to change the opinion which I have all along entertained, that the injury, which the plaintiff sustained, was caused by starting the car before she had been allowed sufficient time to alight.
I entirely throw out of view the testimony of the conductor Gray, as his evidence was, perhaps, sufficiently impeached to authorize the jury to disregard it, and taking the statement of the plaintiff, which the jury had a right to, and must have believed, it is evident, that the accident occurred in the manner I have stated. And that was negligence on the part of the defendants.
The plaintiff, at the time of the accident, was about *193 sixty-six years of age. She had, some seven years previously, injured one of her limbs, rendering it necessary to use a cane for assistance or support. She says, that in getting out of the car, she stepped down one step, and in attempting to take the second step, found her dress was caught, and she turned partly around to loosen it—it seemed to be caught on a nail, or something of that kind. In the meantime, the conductor had given the signal to move on ; the car moved on, and dragged her around by the side of the car, with her head very near the car, and broke her limb and hip bone.
A perfectly legitimate and proper deduction from this statement of the plaintiff is, that before she could alight from the car, it was started by the conductor and she thrown down.
The jury had this evidence before them: it was not intrinsically improbable, and it was not much shaken by any other evidence in the case ; and it is not altogether impossible, that they may have been influenced 'by their own recollections of the by no means infrequent similar practices of conductors of our street railroad cars, of allowing a too limited time for passengers to get off or on.
And when such a practice of haste came to be applied to an aged lady, partly crippled by a previous injury, the jury could not well fail to stigmatize it, as an act of negligence.
There was no claim that there was any negligence on the part of the plaintiff, nor could any be attributed to her. I cannot say, as a matter of law, that she had not a right to wear a hoop skirt, or a dress so long as .¡.to trail behind her, and rest upon the platform, as she was alighting. If, as she believed, her skirt or dress was caught by a nail protruding above the platform, nevertheless, she was thrown down by the too soon starting of the car. Or, even if there was no nail *194 there, and her dress was not thus caught, nevertheless, no one can reasonably doubt, that the starting of the car threw her down.
In any point of view, therefore, it is altogether evident, that the plaintiff had not got free from the car, when it was started.
One of the rights of a railroad passenger, is to be allowed a reasonable time to get off. Subject to all lawful regulations, as to the time, place, and manner of stopping, which a railroad company may make, it is their duty, when a passenger desires to get off, and indicates such desire to the conductor, to stop the car long enough to allow the passenger to alight. The length of such stoppage will depend upon, and be regulated by, the circumstances of each case ; usually the condition of the passenger, of the car, and of the street at the place of departure. But, regulated by these circumstances, sufficient time must be given; and if the company fails in this respect, they must be held responsible for the injuries which the passengers receive by means of it.
Applying these principles to the fact testified to by the plaintiff, that the starting of the car before she was well off the platform, threw her down, the verdict is justified.
As I have said before, the jury had the right to believe this testimony, however much we may think it was impaired or shaken, by any contradictions of it, or of her testimony in respect to the nature and extent of her injuries, or any other contradictions in the evidence ; and having believed it, as we must assume they did, and it being sufficient, if believed, to establish the negligence of the defendants,' we cannot disturb their verdict.
The learned justice charged the jury at much length, fairly presenting all the facts which they were to find, *195 and giving them an opportunity of coming to a result favorable to the defendants.
I have examined the numerous exceptions taken to the admission and rejection of evidence, as well as to the refusals to charge, and to the charge itself, and without going separately over them, am of opinion, that hone of the decisions excepted to were erroneous.
The judgment and order should be affirmed, with costs.